them ; and we have seen that even damages for torts connected with contracts were " *choses* in action," and, consequently, assignable.

I have been referred to the case of *Oliver* v. *Walsh*, 6 *Cal.*, 456, as sustaining the demurrer. The report of the case is evidently somewhat confused, but I see nothing in it which sustains the position of the defendant. That was a case of tort, unconnected with contract.

The demurrer is overruled.

---

### EDDY vs. EDDY.

*Fourth District Court for San Francisco Co., Feb. T.*, 1858.

REFEREE'S REPORT IN DIVORCE—FINDING.

A referee appointed in an action for divorce, after answer, where the order of reference specifies that he is to take testimony, try the issues and report a finding, must set forth a finding in his report, or it will be sent back for informality.

On motion to enter a decree upon the report of a referee.

*White,* for plaintiff.

*Eddy,* for defendant, *in pro. per.*

HAGER, J. — This action, upon the complaint and answer, was referred by consent of the parties, to take the testimony, try issues and report a finding to the court, but the referee has only reported the testimony. The case being at issue upon the complaint and answer under the order of reference, the proceedings before the referee should have been the same as upon issues of fact in any civil action, and in the manner in which they are ordinarily tried and reported upon, except that the testimony must be reported in full.

The action must be sent back to the referee for further report.